UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61342-CIV-MARRA/MATTHEWMAN

GREG BILL,

    Plaintiff,

vs.

CITY OF NORTH
LAUDERDALE,
FRANK BURELLO, and
DAVID WYGLADALSKI,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Frank Burello and David Wygladalski's Motion to Dismiss Counts IV and VIII of Plaintiff's Amended Complaint [DE 12]. The Court has carefully considered the motion, the response (filed three months late[1]), the reply, and is otherwise fully advised in the premises.

Plaintiff, Gregory Bill ("Bill"), filed an Amended Complaint ("Compl.") against his employer, the City of North Lauderdale ("City"), and two co-workers, Frank Burello ("Burello") and David Wygladalski ("Wygladalski") (together, the "Individual

---

[1] The Court granted Plaintiff an unopposed extension of time until September 17, 2012, to respond to this Motion to Dismiss. Plaintiff never filed a response, or sought an extension of time to respond. On October 10, 2012, the individual defendants moved for their Motion to Dismiss to be granted by default. The Court issued an Order to Show Cause, which was eventually discharged. Plaintiff finally responded on December 18, 2012. The Court will not extend additional courtesies to Plaintiff's counsel if there are further failures to follow the local rules.

Defendants"). Plaintiff has been employed by the City for more than seven years in the Public Works Department in the canals division. Compl. ¶ 10. The gist of the Complaint is summarized as follows: "[o]ver the course of the past six (6) years, Plaintiff has been subject to derogatory comments and 'writings' made to the rest of all City employees which make fun of his national origin, his weight, his age, his sexual orientation." Compl. ¶ 15.

The Amended Complaint has one count directed against Wygladalski (Count IV) and one count directed against Burello (Count VIII). The Individual Defendants argue both counts should be dismissed because insufficient facts are pled to state a plausible cause of action, and because both counts improperly co-mingle several claims without properly identifying the bases for any particular claim.

**Standard of Review**

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to it. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "[W]hile notice pleading

may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

**Discussion**[2]

Count IV is labeled, "Invasion of Privacy, Misappropriation of Intellectual Property, Defamation, David Wygladalski."  In this count, Wygladalski is alleged to have acted in only one instance, to wit, that he misappropriated an email address of an old high school friend of Plaintiff's and sent her an unflattering picture of Plaintiff.  As discussed more thoroughly in this Court's Order and Opinion granting the City of North Lauderdale's Motion to Dismiss, this count suffers from the same flaws as does Count III.  It improperly co-mingles multiple claims into one count in violation of the pleading requirements of Federal Rules of Civil Procedure 8 and 10, it does not assert the elements of the various causes of action or allege sufficient facts to state valid claims.

Count VIII is labeled, "Abuse of Process, Malicious Prosecution, and Intentional Infliction of Emotional Distress Against Frank Burello."  In this count, Burello is

---

[2] The Court assumes familiarity with this Court's Order and Opinion granting the City of North Lauderdale's Motion to Dismiss issued this same day.

alleged to have wrongly filed for an injunction for protection against repeat violence against Plaintiff, to have included in the Petition for Protection a prior act of violence, that at the behest of Burello, Broward County Sherriff's detectives appeared at Plaintiff's home to investigate the report, that Burello then filed "a misdmeanor [sic] complaint with the Broward State Attorney's office," and that Burello then dismissed the action the day before mediation causing Plaintiff "emotional distress and physical injuries requring [sic] medical treatment."  Compl. ¶ 105.  As discussed more thoroughly in this Court's Order and Opinion granting the City of North Lauderdale's Motion to Dismiss, this count suffers from the same flaws as does Count III.  It improperly co-mingles multiple claims into one count in violation of the pleading requirements of Federal Rules of Civil Procedure 8 and 10,and it does not assert the elements of the various causes of action or allege sufficient facts to state valid claims.  As instructed in the Order and Opinion granting the City of North Lauderdale's Motion to Dismiss, to the extent Plaintiff can plead in good faith and subject to the requirements of Rule 11:

> Plaintiff will be given <u>one</u> more opportunity to amend his complaint.  However, the Second Amended Complaint must: (1) comply with the one-claim-per-count rule, (2) state the elements of the cause of action and (3) set forth sufficient facts to support the necessary elements.

Accordingly, it is hereby  **ORDERED AND ADJUDGED** that Defendants Frank Burello

and David Wygladalski's Motion to Dismiss Counts IV and VIII of Plaintiff's Amended Complaint [DE 12] is GRANTED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge